

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-6-2007

# USA v. Cruz-Reyes

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1693

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Cruz-Reyes" (2007). *2007 Decisions.* Paper 473.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/473

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1693

UNITED STATES OF AMERICA

v.

DOMINGO CRUZ-REYES, a/k/a Mingo, a/k/a Jay

Domingo Cruz-Reyes,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 05-cr-00340-2
District Judge: Hon. Christopher C. Conner

Submitted under Third Circuit LAR 34.1(a)
on February 1, 2007

Before: BARRY and ROTH, <u>Circuit Judges</u>
IRENAS*, <u>District Judge</u>

(Opinion filed:  September 6, 2007)

O P I N I O N

_____

*Honorable Joseph E. Irenas, Senior District Judge for the District of New Jersey,
sitting by designation.

**ROTH,** Circuit Judge:

Domingo Cruz-Reyes appeals from his judgment of sentence, arguing it was based on an incorrectly calculated sentencing guidelines range. We disagree and will affirm the District Court.

## I. Background and Procedural History

Because the parties are familiar with the facts and procedural posture, we will provide only a brief synopsis of the events leading up to this appeal.

In November 2005, Cruz-Reyes pleaded guilty to one count of distribution and possession with intent to distribute heroin and cocaine base in violation of 21 U.S.C. § 841(a)(1). In February 2006, he was sentenced to a term of 120 months. After sentencing, the Probation Officer provided counsel with a new presentence report, which indicated a lower base offense level than the report used at sentencing.

Cruz-Reyes timely appealed his sentence, arguing the sentence imposed was unreasonable because it was based on an inaccurate presentence report.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

In general, the Court of Appeals reviews a sentence for reasonableness. *United States v. Booker*, 543 U.S. 220, 261 (2005). The party challenging the sentence has the burden of proving unreasonableness; review is highly deferential, "the trial court being in the best position to determine the appropriate sentence in light of the particular circumstances of the

2

case." *United States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006). In this case, the defendant did not raise his objection at sentencing; thus we review for plain error. *United States v. Davis*, 407 F.3d 162, 164-65 (3d Cir. 2005).

## III.  Analysis

Cruz-Reyes challenges the sentence imposed by the District Court because, he claims, it was based on an inaccurate offense level calculation; had the District Court realized that the base offense level was so much lower than the applicable career offender offense level, it would have weighed the §3553(a) factors differently.

The presentence report used at sentencing reflected a base offense level of 26 and a criminal category of VI. On this basis only, the guidelines range applicable to Cruz-Reyes would have been 120-150 months. Cruz-Reyes, however, qualified as a career offender subject to a 20-year maximum sentence; as a result, his base offense level was actually 32. At sentencing, the District Court granted Cruz-Reyes a 7-level reduction because of acceptance of responsibility and cooperation with the authorities; this brought the offense level to 25 and the guidelines range to 110-137 months. After consideration of the §3553(a) factors, including particularly Cruz-Reyes' criminal history, the court sentenced him to 120 months' incarceration.

During the sentencing hearing, the court also struck certain information about drug sales obtained from confidential informants. Defense counsel conceded that this information made no difference to the guidelines calculation.

Several days after the sentencing, the Probation Officer supplied Cruz-Reyes' attorney

3

with a revised presentence report that reflected the District Court's order to strike the information attributed to the confidential informants. The new presentence report identified Cruz-Reyes' offense level as 12 (rather than 26); it still indicated that because of Cruz-Reyes' career offender status the applicable offense level was 32.

The government argues that the base offense level named in the post-sentencing revised presentence report was actually incorrect due to a typographical error (5.1 grams of cocaine base were treated as cocaine and converted to 1.02 kilograms of marijuana instead of the correct 102 kilograms). This appears to be true. But even if the difference between the career offender level (which governed the calculation) and the base offense level had been significant, there is no indication it would have changed the §3553 calculus in any way. Cruz-Reyes had had nine separate sets of convictions in the previous fifteen years, with six of those being drug trafficking offenses. A lower base offense level would have done nothing to lessen the need to deter further criminal activity by this defendant and others. There is no error here, plain or otherwise.

## IV. Conclusion

For the reasons set forth above, we will **affirm** the judgment of the District Court.